Marcos AREVALO, Plaintiff—Appellee,

v.

DEPARTMENT OF MOTOR VEHICLES, OREGON, Defendant,

and

Billie Brown; Jim Hunter, Defendants—Appellants.

No. 02–35440.

D.C. No. CV–00–00263–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2003.

Decided July 23, 2003.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before GOODWIN, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

The Oregon Department of Motor Vehicles (DMV) appeals from the district court's denial of its motion for judgment notwithstanding the verdict. We affirm.

A motion for judgment notwithstanding the verdict can be granted only when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a); *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). In reviewing a verdict for sufficien-

cy, we "disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

Applying this demanding standard, we conclude that a reasonable jury could have found that Arevalo proved that DMV discriminated against him on the basis of sex. Arevalo made out a prima facie case under the framework articulated in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), by demonstrating that he was a qualified—indeed, award-winning—employee. He also presented sufficient evidence that the reasons DMV asserted to justify at least some of the identified adverse actions were pretextual. *See Reeves*, 530 U.S. at 148 (a jury verdict in favor of a Title VII plaintiff may be upheld if based solely on "a plaintiff's prima facie case, combined with sufficient evidence that the employer's asserted justification is false"). For example, there was evidence indicating that two female employees who engaged in behavior similar to Arevalo's with regard to testing and the issuance of licenses were accorded more favorable procedural treatment than he was. While the DMV maintains that these female employees did not also intimidate subordinate employees, the jury could have discredited the evidence that such intimidation had taken place. Alternatively, given the minor role such intimidation played in the initial explanations of the charges against Arevalo, the jury could have disbelieved the assertion that the asserted intimidation was the critical reason that Arevalo was treated differently.

We therefore conclude that, viewed in light of the "very high" standard for a grant of judgment notwithstanding the verdict, *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir.2002) (en banc), *aff'd*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Desert Palace, Inc. v. Costa,* —— U.S. ——, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), the evidence presented at trial was legally sufficient to carry Arevalo's burden of persuasion.

**AFFIRMED.**